MINNIE C. STANLAND, D. G. HEWETT, AND H. G. HEWETT v. PETER ROURK AND MARY E. ROURK ET AL.

(Filed 7 April, 1915.)

**Burning of Woods—Statutory Notice—Tenants in Common—Waiver—Verdict—Appeal and Error.**

Where contrary to the provisions of Revisal, sec. 3346, the owner sets fire to the woods on his own lands and injures the adjoining lands of tenants in common, without having given them prior written notice of two days required by the statute, and relies upon the waiver of one of the tenants, in possession and control, as binding upon them all: *Semble,* the waiver of notice by this tenant would be binding upon them all; but this question does not arise for decision in this case, the jury having found upon conflicting evidence that there had been no waiver of the notice by him.

APPEAL by defendants from *O. H. Allen, J.,* at August Term, 1914, of. BRUNSWICK.

Civil action to recover damages for· wrongfully setting fire to wood-land.

There was evidence on part of plaintiffs tending to show that defend-ants, on or about 17 March, 1911, set fire to their woods, adjoining a large body of land owned by plaintiffs as tenants in common, without giving the written notice required by the statute; that the fire was com-municated to the lands of plaintiff, doing considerable damage.

Defendant resisted recovery, insisting, chiefly, that H. G. Hewett, one of plaintiffs, had waived the giving of notice, and that such waiver on his part would prevent recovery for the damages caused, both as to him and his cotenants.

The jury rendered the following verdict:

1. Did the defendants give the plaintiffs two days notice in writing of their intention to burn their own land? Answer: "No."

2. Did the defendants set fire to and burn the lands of the plaintiffs? Answer: "Yes."

3. What damages are plaintiffs entitled to recover by reason of the said burning? Answer: "$350."

4. Did H. G. Hewett waive his rights to damage? Answer: "No."

Judgment. Defendants excepted and appealed.

*Cranmer & Davis for plaintiffs.*
*Robert Ruark for defendants.*

HOKE, J., after stating the case: Our statute on this subject, section 3346, provides: "If any person shall set fire to any woods, except it be his own property, or, in that case, without first giving notice in writing to all persons owning lands adjoining to the woodlands intended to be fired at least two days before the time of firing such woods, and also taking effectual care to extinguish such fire before it shall reach any vacant or patented lands near to or adjoining the lands so fired, he shall, for every such offense, forfeit and pay to any person who shall sue for the same $50, and be liable to any one injured in an action, and shall moreover be guilty of a misdemeanor."

The evidence of plaintiff tends to show that Dan Hewett, one of plain-tiffs and tenant in common with the others, had especial charge and con-trol of plaintiffs' property, adjoining the lands of defendants, on which the fire was set out, and that on the morning of 17 March, 1911, one Gaston Bennett, acting for defendants, came to Dan Hewett's store and told him the Rourks were going to burn their woods that afternoon, and he told Bennett it was then too late to fire woods and that it was too dry, and forbade their doing it. About 4 o'clock he discovered woods were burned, fire having been set out by defendants and great damage done to them.

There is no substantial denial of these facts, and the testimony thus showing that defendants set fire to woodland adjoining plaintiffs' property, doing considerable damage thereto, and without giving the written notice required by the statute, plaintiffs have a clear right of action against defendants unless such right has been in some way waived. On this question there was evidence on the part of defendant tending to show a waiver by H. G. Hewett, one of plaintiffs, and evidence *contra* on part of plaintiffs, and his Honor, being of opinion that a waiver by H. G. Hewett, if established, would only affect his own interest, submitted the issue in the form presented, and the jury have decided the question in plaintiffs' favor. This being true, we are not called on to determine when and to what extent a waiver by one tenant in common would bar the right of action by his cotenants. On the facts and circumstances of this case the Court is inclined to concur in his Honor's view (38 Cyc., p. 101) ; but the jury, as stated, having found against the fact of waiver, the question of law is not presented.

On careful perusal of the record, we find no reversible error, and the judgment in plaintiff's favor must be affirmed.

No error.